UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEGO BURGOS,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL SEXTON,<br><br>    Defendant. | Case No. 17-cv-06102-NC<br><br>**ORDER TO SHOW CAUSE**<br>Re: ECF 1 |

Petitioner Diego Burgos, a state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the required filing fee and consented to magistrate judge jurisdiction. ECF 1, 3. For the reasons below, the Court ORDERS Respondent Michael Sexton to show cause why the petition should not be granted.

**I. BACKGROUND**

Petitioner was convicted of abusing and killing a child, C. M. According to the petition, after a jury trial in Monterey County Superior Court, Petitioner was convicted of second-degree murder, assault on a child resulting in death, corporal injury to a child, and child endangerment. On January 9, 2013, the trial court sentenced Petitioner to 37 years to life in prison. The California Court of Appeal affirmed the conviction on April 18, 2016, and the California Supreme Court denied a petition for review on July 27, 2016. Petitioner filed this petition for writ of habeas corpus on October 25, 2017.

**II. DISCUSSION**

    **A. Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person

1  in custody pursuant to the judgment of a State court only on the ground that he is in
2  custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.
3  § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

### B.   Petitioner's Claims

Petitioner claims that: (1) the trial court's admission of Petitioner's statement to the police, taken after Petitioner allegedly invoked his right to remain silent, denied Petitioner his Fifth Amendment right against self-incrimination; (2) the trial court's refusal to grant a mistrial or admonish the jury regarding Aracely M.'s testimony about her fear that Petitioner sexually assaulted C.M. denied Petitioner his Fourteenth Amendment right to due process; (3) the admission of a photograph showing the infant victim C.M. laying in a hospital bed on life support, with a rosary draped across his body, rendered Petitioner's trial fundamentally unfair in violation of his Fourteenth Amendment right to due process; (4) the trial court erred in instructing the jury on CALCRIM No. 361; and (5) the cumulative effect of the state court's errors denied Petitioner his Fourteenth Amendment right to due process.

These claims, argued in detail and with reference to Supreme Court law and the factual record, are not vague or conclusory, palpably incredible, or patently frivolous or false. Thus, summary dismissal is not appropriate, and a response to the petition is warranted. The Court therefore ORDERS Respondent to show cause why the petition should not be granted.

### III.  CONCLUSION

Respondent is directed to file with the court and serve on Petitioner, within sixty

(60) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent must file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent within thirty (30) days of the date the answer is filed.

In lieu of an answer, Respondent may file, within sixty (60) days, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner must file with the Court and serve on Respondent an opposition or statement of non-opposition within twenty-eight (28) days of the date the motion is filed, and Respondent must file with the court and serve on Petitioner a reply within fourteen (14) days of the date any opposition is filed.

The Clerk of the Court is directed to serve a magistrate judge jurisdiction consent form, a copy of this order, and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. Respondent must file his magistrate judge jurisdiction consent form no later than thirty (30) days from the filing date of this order.

Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 23, 2018

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 17-cv-06102-NC         3